**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| PATRICK BUCKNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-00138-CV-W-GAF |
| ) | |
| BEAVER EXPRESS LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Presently before the Court is Defendant Beaver Express LLC's ("Defendant") Motion to Dismiss, or, in the Alternative, for Summary Judgment pursuant to Fed. R. Civ. Pro. 12(b)(6) or 56. (Doc. # 23). *Pro se* Plaintiff Patrick Buckner ("Plaintiff") failed to timely submit suggestions in opposition to Defendant's Motion, and an Order to Show Cause was issued on October 6, 2010. (Doc. # 28). On October 14, 2010, Plaintiff submitted a handwritten response to the Order to Show Cause listing five (5) items he alleges support his claim and refute Defendant's Motion. (Doc. # 30). For the reasons set forth below, Defendant's Motion is GRANTED.

## DISCUSSION

**I.  FACTS**

The facts currently before the Court are very brief. On February 22, 2010, Plaintiff filed his Complaint, captioned "Complaint Title VII" ("Complaint"), with the Court. (Doc. # 6). The Complaint states Plaintiff's claims are brought under 42 U.S.C. § 2000e-5 ("Title VII").[1] (*Id.*).

---

[1] In the Civil Cover Sheet attached to Plaintiff's Complaint, Plaintiff checked the box indicating he was making a claim under "Amer. w/Disabilities - Other." (Doc. # 6-1). However, no mention of the Americans with Disabilities Act is made in the Complaint.

1

Plaintiff claims that on October 26, 2009, Defendant discharged him due to "Medication Taking By There [sic] Company Doctor." (*Id.*). In the portion of the form Complaint that requests Plaintiff "state why defendant[] discriminated against [him], i.e., race, color, religion, sex, or national origin, etc.," Plaintiff wrote, "Unknown." (*Id.*). Plaintiff attached a notice of right to sue letter he received from the Missouri Commission on Human Rights, issued on December 30, 2009, indicating Plaintiff had filed a complaint with the Equal Employment Opportunity Commission (the "EEOC") and had received a notice of right to sue from the EEOC. (Doc. # 1-2). However, Plaintiff has not entered any actual notice of right to sue from the EEOC.

In response to the Court's October 6, 2010, Order to Show Cause, Plaintiff filed a handwritten document containing the following:

#1 Documents[] Filed in Federal Court Ex(A) Showing Evidence Caused by False Positives

#2 Medical Records in Ex(A) from Pas[t] and Present Medical History

#3 Med[ical] Records Present [sic] by Consentra Urgent Care

#4 Evidence Show [sic] Health Related issues From 2004 to 2009

#[5] Evidence and Proof Type II Diabetic Along with Med[ical] Provide[d] By Concentra.

(Doc. # 30). However, none of the evidence listed by Plaintiff has been entered into evidence in this case.

## II.  LEGAL STANDARDS

Under Rule 12(b)(6), a court may dismiss a cause of action for failure to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). However, courts are "not bound to

2

accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). A Rule 12(b)(6) motion should be granted only if the plaintiff fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the plaintiff to the relief requested. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (retiring the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999).

## III. ANALYSIS

While the Court has given Plaintiff ample leeway due to his *pro se* status, Plaintiff, despite multiple opportunities to do so, has not pled facts sufficient to entitle him to the relief sought. The only facts pled by Plaintiff and properly before the Court are that Plaintiff was allegedly discharged from Defendant's employ "Due to Medication Taking By There [sic] Company Doctor." Plaintiff does not indicate or suggest that Defendant discharged him because of his "race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2 (listing the unlawful employment practices prohibited under Title VII). Therefore, Plaintiff's claim under Title VII must fail because no facts pled entitle Plaintiff to the relief requested under Title VII.

As noted in footnote 1, above, Plaintiff indicated on the Civil Cover Sheet attached to his Complaint that his claim was brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"). While Plaintiff's Complaint does not mention the ADA, the Court will nevertheless address the facts in evidence as if Plaintiff had properly cited to the ADA in his Complaint.

3

In short, the ADA prohibits employers from discriminating against a "qualified individual" with a disability. *See* § 12112(a). As used in the ADA, the term "qualified individual" means "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." § 12111(8). With respect to an individual, the term "disability" under the ADA means:

(A) a physical or mental impairment that substantially limits one or more major life activities of such individual;

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

§ 12102(1).

Here, Plaintiff has not pled facts or entered evidence into the record that suggest he either has a "disability" as defined under the ADA or is a "qualified individual" who could perform the essential functions of his employment with Defendant with or without reasonable accommodation. Nowhere in his Complaint does Plaintiff claim he suffers from a disability.[2] For these reasons, Plaintiff has failed to state a claim under the ADA for which relief may be granted.

## **CONCLUSION**

Plaintiff has failed to state any facts demonstrating a plausible entitlement to relief under either Title VII or the ADA. For this reason and those stated above, Defendant's Motion is GRANTED.

---

[2]Plaintiff's response to the Court's October 6, 2010, Order to Show Cause, hints that Plaintiff might have some medical history. However, Plaintiff has not submitted any exhibits or otherwise pled facts evidencing he suffers from a disability falling under the ADA or that his medical history or condition, if one exists, was the cause of Defendant's decision to terminate his employment.

**IT IS SO ORDERED.**

                                                                                s/ Gary A. Fenner
                                                                                Gary A. Fenner, Judge
                                                                                United States District Court

DATED:   **November 8, 2010**